IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERESA BENNETT,<br>    Plaintiff,<br><br>v.<br><br>DUKES RESTAURANT OPERATING LTD, DUKE'S RESTAURANT MGMT. G.P., L.L.C., 4180 BELT LINE LTD, K&R 4180, INC., DUKE'S BEDFORD OPERATING, LTD., S&W G.P., L.L.C., and SHOPS DUNHILL RATEL L.L.C.<br>    Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 3:10-CV-00866-L<br><br>CLASS ACTION COMPLAINT OF DISABILITY ACCOMMODATIONS DISCRIMINATION<br>ECF |

**PLAINTIFF'S BRIEF ON ATTORNEYS' FEES**

**Question Presented**

The ADA requires that new construction strictly comply with the ADA Accessibility Guidelines. Duke's Original Roadhouse, a restaurant and bar in Addison, Texas, failed to build to these standards in ways that significantly impacted disabled access into and throughout the restaurant. Its Defendant owners were offered settlement, including on attorneys' fees, at every stage of this suit. But to this date they have never made any offer to settle that included payment of attorneys' fees. What is an appropriate fee where Plaintiff's counsel achieves complete relief in an ADA case and the Defendants have refused to make any offer on attorneys' fees at any stage of the litigation.

**Factual Background**

Plaintiff Teresa Bennett filed this suit on April 29, 2010 against Duke's Restaurant Operating, Ltd. the owner of The Duke's Original Roadhouse ("Duke's Roadhouse") located at 4180 Belt Line Rd, Addison, Texas, Duke's Restaurant Mgmt. G.P., L.L.C., its general partner, 4180 Belt Line Ltd., the owner of the real property at 4180 Belt Line Rd, Addison, Texas and K&R 4180, Inc., its general partner, alleging violations of Americans with Disabilities Act,[1] the

---

[1] 42 U.S.C. § 12101 et seq., (the "ADA").

*PLAINTIFF'S BRIEF ON ATTORNEY'S FEES*                                                               Page 1

Texas Architectural Barrier Act,[2] and the Texas Human Resources Code.[3]  Ms. Bennett dismissed her state law claims and proceeded to judgment only on the ADA. With the exception of K&R 4180, Inc., these are the remaining defendants in this case (the "Duke's Defendants") against whom judgment was granted.

Ms. Bennett also filed suit against Duke's Bedford Operating, Ltd. and S&W G.P., L.L.C., the owners/operators of Duke's Original Roadhouse located at 2250 Airport Fwy # 300, Bedford, Texas (Duke's Bedford), and Shops Dunhill Ratel L.L.C., the owner of the real property at that location, seeking injunctive relief to remove architectural barriers there as well. However, during the course of this lawsuit, Duke's Bedford was sold to an innocent third party without notice of this suit. The new owner agreed with Ms. Bennett to remove all barriers that violate the ADA Accessibility Guidelines ("ADAAG"), 28 C.F.R. Part 36, Appendix A, in Duke's Bedford without the necessity of bringing this innocent third party into this lawsuit and has done so. Shops Dunhill Ratel L.L.C., entered into a settlement agreement, remediated the parking and path of travel at that location, and was dismissed. Since no injunctive relief was sought against Duke's Bedford Operating, Ltd. and S&W G.P., L.L.C., they were dismissed as well. No attorneys fees are sought for any work or costs related to the Duke's Bedford part of this suit.

Unfortunately, once an ADA suit is filed, the defendants control how protracted the litigation is and how much attorneys's fees are involved to resolve the case. Here, Ms. Bennett offered to settle this case at every stage of this case, including attorneys' fees when very little was actually involved in settlement. The Duke's Defendants refused every offer to settle that included payment of any attorneys' fees and costs and have never made a counter offer in any amount at all. Even after the Court became involved after Ms. Bennett filed her Motion for Summary Judgment and directed the parties to submit an agreed judgment, the Duke's Defendants have still failed to make any offer to pay even a portion of the attorneys' fees incurred.

---

[2] Tex. Gov't Code Ch. 469 (previously, Texas Revised Civil Statutes, Article 9102 et seq.) (the "TABA").

[3] Tex. Hum. Res. Code § 121.001 et seq. (the "THRC").

## Standard of Review

A district court's award or denial of attorney fees is reviewed for abuse of discretion.[4]

## Argument and Authorities

The ADA is a fee shifting statute that provides for attorneys' fees to be paid to the prevailing party.[5] On April 27, 2012 this Court entered Final Judgment [Doc. 46] ordering, "that Plaintiff shall have judgment against Dukes Restaurant Operating Ltd, Dukes Restaurant Mgmt. G.P., L.L.C., and 4180 Belt Line Ltd. for the injunctive relief as hereafter set forth, with costs of court taxed against these Defendants."

**A.    Prevailing plaintiffs are entitled to reasonable attorneys' fees and costs under the ADA if they succeed in "materially altering the legal relationship between the parties."**

A plaintiff is a "prevailing party" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.[6]   And a prevailing plaintiff in a civil rights case ordinarily is to be awarded attorney's fees in all but special circumstances. The intent of Congress was to cast a Civil Rights plaintiff in the role of "a private attorney general," vindicating a policy that Congress considered of the highest priority.[7] Ms. Bennett has met this standard and is therefore entitled to recover her fees, costs and expenses.

**B.    Counsel's Timeslips Report and affidavit meet the lodestar standard used to determine appropriate attorneys' fees in this case.**

This Circuit uses the lodestar method to determine attorneys' fees in an ADA case. A court first determines the reasonable number of hours expended in the litigation and the

---

[4] *Forbush v. J.C. Penney Co.,* 98 F.3d 817, 821 (5th Cir. 1996)

[5] 42 USC §12205 and 42 USC §3613(c)(2).

[6] *Texas Teachers Assn. v. Garland School Dist.,* 489 U.S. 782, 792 (1989); *Farrar V. Hobby*, 506 U.S. 103, 111-112 (1992).

[7] *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416 (1978).

reasonable hourly rates for the participating attorneys. The lodestar is computed by multiplying the number of hours reasonably expended by the reasonable hourly rate.[8] Exhibits A and B attached hereto are Kenneth Carden's, Ms. Bennett's attorney, TimeSlips record and supporting affidavit. These Exhibits show that when this motion and brief was submitted, Carden had expended 90.9 hours on the Duke's Roadhouse portion of this matter after excluding time spent in exercising billing judgment. The supporting affidavit shows both the reasonableness of the time expended and the rate charged in this litigation are the same rate that has been approved by other courts in this district for similar cases filed by Carden. Counsel does not seek a multiplier in this case, and thus has established a presumptively reasonable fee when he has shown the customary fee in the area for the work, and produced sufficient evidence for the reasonable and necessary time spent on the case.

Contemporaneous time records of the hours worked are the preferred method for proving up the attorney's time.[9] Counsel has attached his TimeSlips records detailing the amount sought in this case as Exhibit A and his affidavit as Exhibit B, showing that these records were made contemporaneously and that the time spent was reasonable and necessary. The legal services agreement with Ms. Bennett is attached as Exhibit C.

C.  **The time spent by counsel was reasonable – almost all of it caused entirely by the Duke's Defendants failure to negotiate – forcing Ms. Bennett to prove her case.**

This case is an ADA civil rights case brought because the newly constructed Duke's Roadhouse simply did not comply with state or federal accessibility standards. As a result of this lawsuit Duke's Roadhouse will be brought into full compliance with the ADAAG. Ms. Bennett and all others with similar disabilities received complete relief.

In most cases involving a fee dispute, the background of how the case developed is helpful in determining whether the fees are in fact reasonable and necessary. This case is no different – all of the fees Ms. Bennett incurred in litigating this case after it was filed were the

---

[8] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

[9] *Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).

*PLAINTIFF'S BRIEF ON ATTORNEY'S FEES*                                                                                               **Page 4**

direct result of the Duke's Defendants' actions. And none resulted from Ms. Bennett unnecessarily litigating issues that could have otherwise been resolved through settlement. Because despite having no defense, the Duke's Defendants simply refused to entertain any offer of settlement and made no offer themselves. In fact, every time that Ms. Bennett offered to settle this case that involved the payment of attorneys' fees, the Duke's Defendants simply ignored the offer.

### 1. The Duke's Bedford portion of this case settled within five months.

Within five months of this suit being filed, Ms. Bennett settled her case against the Duke's Bedford real property owner and the Duke's Bedford new owner. Shops Dunhill Ratel L.L.C. settled, agreeing that it would remediate the parking and path of travel. The Duke's Bedford new individual owner, who had purchased the restaurant after this suit was filed, settled with an agreement to remediate the interior. The real property owner paid attorneys' fees related to its involvement in the case. But because the Duke's Bedford new owner bought the restaurant without notice that this suit was pending and agreed to complete remediation to ADA new construction standards, he paid no attorneys' fees at all. All fees associated with the Duke's Bedford part of this case are deleted from this fee request and show "No Charge" or "Do Not Bill" in the Timeslips report attached as Exhibit A.

### 2. The Duke's Defendants' rejected every settlement offer.

The issue before this Court is what is attorneys's fees are reasonable and necessary. If the Duke's Defendants had acted as the Duke's Bedford new owner and real property owner did, this case could have been settled quickly with the exact same result that was finally achieved here – at a fraction of the fees and costs now sought. Ms. Bennett offered to settle time and again, only to be rebuffed.[10]

In fact, Ms. Bennett offered on several occasions for the parties to reach a remediation agreement and then submit attorneys' fees to the Court under Fed. R. Civ. P. 54(d).[11] But there

---

[10] *See* emails and letters attached as exhibit D.

[11] *See* letter from Kenneth Carden to Thomas C. Barron dated October 22, 2010, app. p. 46; Joint Status Report on Settlement [Doc. 21], ¶ (sic) 4 (correct paragraph is 5), October 25, 2010, app. p. 48; email from Kenneth

*PLAINTIFF'S BRIEF ON ATTORNEY'S FEES*            Page 5

was never any response to any of these offers. The Duke's Defendants' litigation posture made no sense. Instead of accepting an offer to settle, making an offer themselves, or simply entering an agreed judgment as to the remediation and letting the Court decide attorneys' fees, the Duke's Defendants simply did nothing – forcing Ms. Bennett to prove her case. And as a result, and as warned in letter after letter, attorneys' fees and costs continued to increase.

Finally, even after judgment was submitted to this Court for entry, Ms. Bennett continued to attempt to resolve the attorneys' fees issue by reducing the fees she incurred to that date by one third.[12] But again, the Duke's Defendants never responded to this offer and never made any counter offer to pay any attorneys' fees and costs of their own.

### 3. Ms. Bennett's counsel has exercised billing judgment in this case.

Because the time expended by Bailey was somewhat duplicative of the work done by Carden in this case, he has agreed to exercise billing judgment and simply not submit any fee request for the work he has done in this case.

As Carden's TimeSlips report shows, he has gone through each record and removed any entry that is not directly related to Dukes Restaurant Operating Ltd, Dukes Restaurant Mgmt. G.P., L.L.C., and 4180 Belt Line Ltd. and the Duke's Original Roadhouse in Addison, Texas. He has further exercised billing judgment by removing any entry that did not directly move this portion of the lawsuit towards resolution. Because he did not seek any fees from the new owner at Duke's Bedford and not directly related to this Duke's Roadhouse case, that is a significant reduction of 16.1 hours, or $6,440 in the fees sought, shown as "No Charge" or "Do Not Bill" in the TimeSlips report.

What remains is 90.9 hours, and a reasonable fee of $30,200, for over two years of litigation, almost all of it made necessary by the Duke's Defendants complete failure to negotiate any settlement, even when directed to by this Court.

---

Carden to Thomas C. Barron dated April 7, 2011, app. p.50 ; and email from Kenneth Carden to Thomas C. Barron dated April 25, 2011, app. p. 53.

[12]*See* letter from Kenneth Carden to Thomas C. Barron dated March 15, 2012, app. p. 72.

*PLAINTIFF'S BRIEF ON ATTORNEY'S FEES* — Page 6

## Conclusion

As shown, the award of attorneys fees sought in this case is fair, reasonable, and justified under the lodestar method. The Court is more than justified in exercising it's discretion and awarding the fees sought in the amount of $30,200.

## Prayer

WHEREFORE, Plaintiffs pray that the Court review the evidence submitted, and approve the award of attorneys' fees as set out in Exhibit A in the amount of $30,200, for all reasonable and necessary fees expending in collecting that amount, and for all other relief at law and in equity for which the Plaintiff may be entitled.

Dated: May 11, 2012                                         Respectfully submitted,


   *s/Kenneth Carden*
**KENNETH D. CARDEN**
Bar Card No. 03787300
The Carden Law Office
1409 S. Lamar # 601
Dallas, Texas 75220
214.285.3535
Fax 214.485.3536
Carden@ADA-Law.com

**PALMER D. BAILEY**
Bar Card No. 01533400
Law Office of Palmer Bailey, P.C.
16633 Dallas Parkway, Ste. 600
Addison, TX 75001
Tel. 972 855 1863
Fax. 972 588 1801
pdbaileyesq@gmail.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

This is to certify that on May 11, 2012 a true and correct copy of the above and foregoing document was served on all counsel of record through electronic filing of this motion with the District Clerk as allowed by Rule 9 of Miscellaneous Order No. 61.

*s/Kenneth Carden*
Kenneth Carden/Palmer Bailey