IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERESA BENNETT, § | |
|     Plaintiff, § | |
| § | CIVIL ACTION NO. 3:10-CV-00866-L |
| v. § | |
| § | |
| DUKES RESTAURANT OPERATING § | |
| LTD, DUKE'S RESTAURANT § | |
| MANAGEMENT G.P., L.L.C, 4180 BELT- § | |
| LINE LTD, K&R 4180, INC., DUKE'S § | |
| BEDFORD OPERATING, LTD., S&W § | |
| G.P., L.L.C., and SHOPS DUNHILL § | |
| RATEL L.L.C. § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Order of Reference, doc. 50, the Motion for Attorney Fees and brief in support, doc. 47-48 ("Pl. Brief"), filed by Teresa Bennet ("Plaintiff") on May 5, 2012, was referred to the United States Magistrate Judge for hearing, if necessary, and recommendation. After careful consideration of the Motion, its supplement, Response, and Reply, the Court recommends that the District Court award Plaintiff attorney fees in the amount of $30,200 and additionally, $4,100 in attorney fees for litigation of the attorney fee dispute. Therefore, the Court recommends that the District Court **GRANT** the Motion, in part, and **DENY** the Motion, in part.

**Background**

This request for attorney fees arises out of an action under the Americans with Disabilities Act[1] ("ADA") filed by Plaintiff on April 29, 2010 against: Duke's Restaurant

---

[1] 42 U.S.C. § 1201 et seq.

Operating, Ltd. ("Duke's Restaurant Operating") as the owner of The Duke's Original Roadhouse; Duke's Restaurant Management G.P., L.L.C. ("Duke's Restaurant Management") as its general partner; and the owner of the real property at 4180 Belt Line Ltd. (collectively, "Defendants"). Pl. Brief at 1-2.

Plaintiff does not seek attorney fees from the remaining defendants who were dismissed: Shops Dunhill Ratel L.L.C. ("Shops Dunhill") as the owner of the real property; K&R 4180, Inc. ("K&R") as a general partner of Duke's Restaurant Operating; Duke's Bedford Operating, Ltd. ("Duke's Bedford") as the owner of The Duke's Original Roadhouse location in Bedford; and S&W G.P., L.L.C. ("S&W") as the owner of Duke's Bedford (collectively, "Dismissed Parties").

Plaintiff alleged that Defendants, as well as Dismissed Parties, violated the ADA by failing to design, construct, and/or own or operate facilities that comply with the ADA Accessibility Guidelines. Pl. Compl. at 1.[2] Plaintiff sought an order for Defendants to comply with the guidelines and standards.

Plaintiff settled with Shops Dunhill who remedied the premises and paid Plaintiff proportionate attorney fees. Doc. 19. Likewise, Plaintiff dismissed the remaining Dismissed Parties because they were no longer necessary to the relief sought. Doc. 43. Plaintiff does not seek any attorney fees from Dismissed Parties because no judgment was taken against them. Pl. Br. at 2; doc. 46 ("Final Judgment").

Throughout the litigation, Plaintiff and Defendants have attempted to settle this case many times. Because they have been unable to settle, Plaintiff timely filed her Motion for

---

[2]Other state claims were brought, but they were later dismissed; only the ADA claim proceeded. Doc. 25.

Attorney Fees Pursuant to Federal Rule of Civil Procedure 54(b) that is now before this Court. Plaintiff requests $30,200.00 in attorney fees plus $6,200 in additional attorney fees for time spent replying to Defendants' response to the Motion for Attorney Fees. *See* doc. 54.

## **Legal Standard**

The ADA has a fee shifting provision that gives the Court discretion to award reasonable attorney fees to prevailing parties in ADA suits. 42 U.S.C. § 3613(c)(2); 42 U.S.C. § 3613(c)(2). Where this award is warranted, the Fifth Circuit has adopted the "lodestar" method for calculating attorney fees. *See Graves v. Varnes*, 700 F.2d 220, 223 (5th Cir. 1983) (citations omitted). This method determines a lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002) (citing *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)). The burden of establishing the reasonable number of hours and reasonable hourly rate falls on the movant. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

First, the court "must select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993) ("*Shipes II*"). Once a reasonable hourly rate is suggested by the movant, the nonmovant bears the reciprocal burden of showing that a lower rate should be used. *Islamic Ctr., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) *rev'd on other grounds*. "Without detailed information explaining why or how the total number of hours or the rates are unreasonable, an objection to a fee request does not constrain the court's discretion." *James v. City of Dallas*, 2005 WL 954999, at *2 (N.D.Tex. Apr. 25, 2005) (Citing *No Barriers, Inc. v. Brinker Chili's Tex.*, F.3d 496, 501 (5th Cir. 2001); *Wegner v. Standard Ins. Co.*, 129 F.3d 814,

823 (5th Cir. 2997)).

A court's next step in calculating the amount of reasonable attorney fees is to "determin[e] the compensable hours from the attorneys' time records, including only hours reasonably spent." *Shipes II*, 987 F.2d at 319. The movant is required to document the time spent as well as the services performed. *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996). The court then examines these records and excludes the hours that are inadequately documented, "excessive, redundant, or otherwise unnecessary." *Id.* at 433-34. The remaining hours are multiplied by the selected hourly rate to produce the lodestar amount. *Shipes II*, 987 F.2d at 319; *see also Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999) (citing *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997)).

Once the lodestar has been determined, the court has the discretion to adjust the lodestar calculation upwards or downwards based on the unused factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) ("the *Johnson* factors").[3] However, the lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993), *on remand*, 852 F. Supp. 542 (S.D. Miss.

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the skill required to litigate the case; (4) the ability of the attorney to accept other work; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances of the case; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717-19. However, the United States Supreme Court has barred the use of the sixth factor. *Walker v. U.S. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir.1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)).

1994), *aff'd*, 49 F.3d 728 (5th Cir. 1995) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), *on remand*, 976 F.2d 801 (2d Cir. 1991)). Plaintiff does not seek an upward adjustment of the lodestar in this case.

## Analysis

Defendants do not argue that Plaintiff was not the prevailing party, that a lower hourly rate should be used, or that there is any specific problem with Plaintiff's included hours. *See* Def. Resp. at 1, 3. Instead, Defendants broadly claim, "the fees charged are not only unreasonable and unnecessary but are in fact excessive" because the majority of the remedial work had been done by Defendants soon after the lawsuit began and "[t]he balance of the attorney time expended were essentially collection efforts on Mr. Carden's fees." *Id.* at 3.

**Reasonableness of Plaintiff's Hourly Rates**

The Court first considers if Plaintiff's requested hourly rate of $400.00 per hour is reasonable. Defendants have not challenged this hourly rate. When the hourly "rate is not contested, it is *prima facie* reasonable." *Islamic Ctr., Inc.*, 876 F.2d at 469. Because the requested rate is not challenged by Defendants and is similar to rates charged by other lawyers of reasonably comparable skill in similar cases, the Court finds that this hourly rate is reasonable. Thus, this rate is used in calculating the lodestar.

**Reasonableness of Plaintiff's Hours**

Next, the Court determines the number of hours reasonably spent by Plaintiff's counsel. Though no specific error is pointed to in Plaintiff's reported hours, Defendants broadly claim that Plaintiff's requested hours are "unreasonable and unnecessary." Def. Resp. at 3. Defendants also contend that the majority of the hours claimed by Plaintiff's counsel were

essentially collection efforts on Plaintiff's attorney fees. *Id.* Defendants conclude that attorney fees are not warranted because Defendants participated in the mediation process and were primarily focused on the remedial work "while the attorney fees meter ticked away against them." *Id.* at 4.

Plaintiff responds by noting that Defendants have provided no "detailed information explaining why or how the total number of hours or the rates are unreasonable." Pl. Reply Br. at 11. Plaintiff claims the attorney fees are a result of Defendants' refusal to respond to any offer to settle or even consider Plaintiff's entitlement to attorney fees during settlement negotiations. *Id.* at 11-12. Plaintiff supports this by showing that the Final Judgment granted the exact relief that Plaintiff had sought and offered in the Joint Status Report on Settlement from October 25, 2010. Pl. Reply Br. at 11-12. Plaintiff concludes that the claimed hours are appropriate because Defendants' tactic was to delay litigation rather than efficiently settle the case. *Id.* at 12.

The Court is satisfied that Plaintiff has met her burden to establish that the time spent by her counsel was reasonable and necessary. The billing records for litigating the case provided by Plaintiff are sufficiently detailed and have removed excessive, redundant, or otherwise unnecessary time spent. Pl. Ex. A., doc. 48; *see Cooper*, 77 F.3d at 832. In the appendix to Plaintiff's motion, Plaintiff included counsel's TimeSlip report which identifies the date, time, and description of legal service provided. Pl. Ex. A. The appendix also notes the hours of work expended for which Plaintiff is not seeking compensation. Pl. Ex. A. The Court finds that Plaintiff's attorney reasonably and necessary spent the total hours she is requesting for litigating the dispute. Multiplying the hours sought by the $400 hourly rate, the loadstar amount is

$30,200.[4]  Thus, the only remaining issue with this requested amount is whether the award should be reduced based on the *Johnson* factors.

**Whether the Lodestar Should Be Adjusted**

Once the lodestar amount is established, the Court only modifies it in exceptional cases. *Watkins*, 7 F.3d at 457.  Though the Court may adjust the lodestar based on the *Johnson* factors, this is not an exceptional case, and the *Johnson* factors do not warrant an adjustment.  *See Shipes II*, 987 F.2d at 320.  The Court has determined the lodestar by examining (1) the time and labor involved; (5) the customary fee; (9) the experience, reputation, and ability of counsel; and (12) awards in similar cases.  As such, those factors are not reconsidered.  *See Green*, 284 F.3d at 661.

The Court finds that the remaining *Johnson* factors do not indicate that a change in the lodestar should be made.  Many of the remaining factors are irrelevant to examining the lodestar here: (4) there is no evidence that the attorney lost employment due to this case; (7) there were no time limitations imposed; (10) there is no evidence that this case was undesirable; (11) there is nothing unusual about the nature and length of the professional relationship between the Plaintiff and her attorney; and the United States Supreme Court has barred the use of the sixth factor.  *See Walker*, 99 F.3d at 772 (citing *Dague*, 505 U.S. at 567).  The record contains no evidence with respect to (2) whether the questions were particularly novel or difficult or (3) whether special skill was required to perform the legal services properly.  Accordingly, these

---

[4]The Court notes that though the appendix to Plaintiff's motion records 90.90 hours "[f]or professional services rendered," the correct number of hours-and the number of hours actually used in calculating the sought attorney fees-was 75.5 hours.  *See* Pl. Ex. A, at 31.  This appears to be a calculation error that has not figured into the actually sought amount.

factors need not be considered. Under *Hensley*, "the most critical factor is [factor (8),] the degree of success obtained." *Hensley,* 461 U.S. at 436. Here, Plaintiff has had complete success against Defendants. In fact, Final Judgment gave Plaintiff exactly what she had offered to settle the case. Pl. Reply Br. at 11-12. Additionally, Plaintiff does not claim any fees or expenses related to parties who settled, even though the legal work performed was "inextricably intertwined" with those claims. *See Williams v. Kaufman County*, 2003 WL 21755913 at *7 (N.D. Tex. July 30, 2003) (allowing recovery of attorney fees even for "work attributable to the case of one of the settling parties"). Therefore, based on the *Johnson* factors, the Court finds that this is not an exceptional case which would warrant a downward departure from the lodestar amount.

**Plaintiff's Motion for Additional Fees for Time Spent Litigating Fee Request**

Plaintiff claims that Defendants' Response to Plaintiff's attorney fees request was made without merit to further prolong litigation and thus Plaintiff is entitled to $6,200 in additional attorney fees for time spent filing Plaintiff's Reply. Pl. Reply Br. at 13-14. Though the Court has discretion to award expenses reasonably incurred in the prosecution of a fee claim, such costs are only appropriate if they are justified by the necessities of the case. *Alberti v. Klevenhagen*, 896 F.2d 927, 937 (5th Cir. 1990) *vacated on other grounds* (citing *Jones v. Stack*, 758 F.2d 567, 569 (11th Cir. 1985)).

Here, Plaintiff asserts that Defendant's one page Response, one page Supporting Brief, and one page Affidavit are an attempt to prolong litigation. While the fact that this case has been litigated for two years does suggest that this case has been prolonged, this Court cannot construe Defendant's five page Response as a delay tactic. Although Plaintiff is entitled to reasonable

and necessary fees for time spent litigating the fee request, the Court finds unreasonable and unnecessary 14.7 hours to produce a Reply to Defendant's five page Response.  Pl. Reply Br. Ex. B; Pl. Reply.  After due consideration the Court finds that $4,100 will adequately compensate Plaintiff for work on the attorney fee request and reply, rather than the $6,200 Plaintiff requests.  Therefore, Plaintiff is entitled to $4,100 for litigating the fee request.

In sum, Plaintiff is entitled to $30,200 for litigating the case, and $4,100 for litigating the attorney fees dispute.

**Recommendation**

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Attorney Fees be **GRANTED** in part and **DENIED** in part.  This Court recommends that the District Court award Plaintiff $30,200 in attorney fees and $4,100 in additional attorney fees for time spent litigating the fee request.

SO RECOMMENDED, July 23, 2012.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).