IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA BENNETT,<br>    Plaintiff,<br><br>v.<br><br>DUKES RESTAURANT OPERATING LTD, DUKE'S RESTAURANT MGMT. G.P., L.L.C., 4180 BELT LINE LTD, K&R 4180, INC., DUKE'S BEDFORD OPERATING, LTD., S&W G.P., L.L.C., and SHOPS DUNHILL RATEL L.L.C.,<br>    Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:10-CV-866-L |

**ORDER**

Before the court is Plaintiff's Motion for Attorney's Fees, filed May 11, 2012. The motion was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on July 23, 2012. No objections to the Report were filed.

Plaintiff seeks attorney's fees from Defendants Duke's Restaurant Operating, Ltd, as owner of The Duke's Original Roadhouse; Duke's Restaurant Management, G.P., L.L.C, as its general partner; and 4180 Belt Line Ltd. Plaintiff does not seek attorney's fees from the remaining defendants. The magistrate judge recommends that Plaintiff's Motion for Attorney's Fees be granted in part and denied in part. The magistrate judge concluded that Plaintiff is the prevailing party. Also, the magistrate judge concluded that the $400 hourly rate requested by Plaintiff for the calculation of attorney's fees is reasonable because it is not challenged by Defendants and is similar to rates charged by other lawyers of reasonably comparable skill in similar cases. Further, the

magistrate judge concluded that Plaintiff met her burden to establish that the time spent by her counsel was reasonable and necessary. The magistrate judge determined that the billing records provided by Plaintiff were sufficiently detailed and removed excessive, redundant, or otherwise unnecessary time spent.

The magistrate judge concluded that Plaintiff's Motion for Additional Fees for Time Spent Litigating Fee Request, set forth in her reply brief, should be granted at a reduced rate. Plaintiff asserted that Defendants' one-page response to her Motion for Attorney's Fees; one-page supporting brief, and one-page affidavit are an attempt to prolong litigation. By her motion, Plaintiff seeks additional fees made necessary by the filing of Defendants' response and asserts that she is entitled to $6,200 in additional attorney's fees. Plaintiff provides evidence that her counsel spent 15.8 additional hours litigating the fee request. Of those 15.8 hours, Plaintiff is seeking fees for 15.5 hours of work, for a total of $6,200 (15.5 hours x $400/hour). The time records submitted by Plaintiff indicate that her counsel spent 14.7 hours actually drafting the reply brief. The magistrate judge concluded that Plaintiff's counsel was excessive in spending 14.7 hours drafting a twenty-seven page reply (including exhibits) to Defendants' five-page response (including exhibits). Therefore, the magistrate judge deducted $2,100 for unreasonable and unnecessary work, and recommends an award of $4,100 for the time Plaintiff's counsel spent litigating the fee request. In sum, the magistrate judge concluded that Plaintiff is entitled to the full amount claimed, $30,200 in attorney's fees, but only $4,100 of the claimed attorney's fees for time spent litigating the fee request.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge for plain error, the court determines that the findings and conclusions of the

magistrate judge are correct, and **accepts** them as those of the court, to the extent herein stated. The court determines that six to eight hours is a reasonable amount of time to draft a reply brief in support of Plaintiff's Motion for Attorney's fees. Accordingly, the court will grant Plaintiff's Motion for Additional Fees for Time Spent Litigating Fee Request for eight hours of work at the rate of $400 per hour. Therefore, the court will award Plaintiff the full amount of $30,200 in attorney's fees for prosecuting this action and $3,200 (8 hours x $400/hour) for litigating the fee request.

Accordingly, the court **grants** in part and **denies** in part Plaintiff's Motion for Attorney's Fees. Plaintiff is entitled to and shall recover from Defendants Duke's Restaurant Operating, Ltd, as owner of The Duke's Original Roadhouse; Duke's Restaurant Management, G.P., L.L.C, as its general partner; and 4180 Belt Line Ltd. the total amount of **$33,400**, which represents reasonable attorney's fees. On April 27, 2012, the court entered final judgment in this case. Pursuant to Rule 58(a)(3) of the Federal Rules of Civil Procedure, a separate judgment with respect to attorney's fees is not required and will not be issued. Postjudgment interest shall accrue on the total amount of $33,400 at the applicable federal rate of .18 percent per annum from the date of entry of this order until it is paid in full.

**It is so ordered** this 14th day of August, 2012.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge